FORM 11.  Informal Opening Brief (MSPB or Arbitrator Cases)

Form 11 (p. 1)
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## INFORMAL BRIEF OF PETITIONER/APPELLANT

**Case Number:** MSPB Docket No. CH-0839-16-0596-I-1

**Short Case Caption:** Mary Ann L. Globokar v NASA Agency

**Name of Petitioner:** Mary Ann L. Globokar, pro se

> **Instructions:** Read the Guide for Unrepresented Parties before completing this form.  Answer the questions as best as you can.  Attach additional pages as needed to answer the questions.  This form and continuation pages may not exceed 30 pages.
>
> Attach a copy of the initial and final decision/order of the Merit Systems Protection Board or arbitrator.  You may also attach other record material as an appendix.  Any attached material should be referenced in answer to the below questions.  Please redact (erase, cover, or otherwise make unreadable) social security numbers or comparable private personal identifiers that appear in any attachments you submit.

1.  Have you ever had another case before this court?  ☐ Yes  ☑ No

   In a United States district court?  ☐ Yes  ☑ No

   Before the Equal Employment Opportunity Commission?  ☐ Yes  ☑ No

   If yes, identify the title and number of each case.

FORM 11.  Informal Opening Brief (MSPB or Arbitrator Cases)                    Form 11 (p. 2)
                                                                                July 2020

2.  Did the MSPB or arbitrator incorrectly decide or fail to take into account any
    facts?    ☑ Yes        ☐ No
    If yes, what facts?

> I had filed a request to submit supplemental evidence (July 23, 2017), and this
> is evidence that the board should take into account when making the final
> decision on which retirement system I should be in.

3.  Did the MSPB or arbitrator apply the wrong law?        ☑ Yes        ☐ No
    If yes, what law should be applied?

> The MSPB did not provide a response to my request to file supplemental
> evidence until almost a year later, June 11, 2018.

4.  Did the MSPB or arbitrator fail to consider important grounds for relief?
    ☑ Yes    ☐ No
    If yes, what grounds?

> Relief was requested, due to my legal counselor being derelict and negligent, notifying me via
> a phone call that he refused to file my brief.  The responsibility of researching the FERS and
> CSRS laws then fell upon me, and I came upon a law which I am confident would prove, along
> with with my official employment letter from NASA, that I should be in the CSRS system. I
> filed a request to file supplemental evidence on July 23, 2017, and my request was denied the
> following year.

FORM 11. Informal Opening Brief (MSPB or Arbitrator Cases)                              Form 11 (p. 3)
                                                                                        July 2020

5. Are there other reasons why the MSPB's or arbitrator's decision was wrong?

☑ Yes      ☐ No

If yes, what reasons?

> All facts of evidence have not been fully considered, due to being denied the additional piece of evidence [Exhibit 3], which I had requested to submit in my motion on July 23, 2017.

6. What action do you want this court to take in this case?

> I respectfully request that my additional finding of the retirement law along with my official employment letter from NASA be considered to prove my assertion that I should be placed in the CSRS retirement system, not FERS. Additionally, I would seek the correction to be enacted.

Date: June 1, 2023

Signature: _Mary Ann L. Globokar_

Name:  Mary Ann L. Globokar

# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARY ANN L. GLOBOKAR,<br>　　　　　　Appellant,<br><br>　　　v.<br><br>NATIONAL AERONAUTICS AND<br>　SPACE ADMIN,<br>　　　　　　Agency. | DOCKET NUMBER<br>CH-0839-16-0596-I-1<br><br><br>DATE: April 7, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mary Ann L. Globokar, Strongsville, Ohio, pro se.

James Jackson, Esquire, and James P. Burkes, Esquire, Cleveland, Ohio, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied her request for corrective action under the Federal Erroneous Retirement Coverage Corrections Act (FERCCA). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant was employed as a Budget Analyst. Initial Appeal File (IAF), Tab 1. She contacted agency human resources staff in May 2016 and asserted that the agency erroneously placed her in the Federal Employees' Retirement System (FERS) instead of the Civil Service Retirement System (CSRS). IAF, Tab 4 at 68. She stated that, although she did not have the requisite 5 years prior to the creation of the FERS to exclude her from automatic FERS coverage, she should have been given the requisite 5 years of service because the agency intended her to enter on duty prior to her actual start date. *Id.* at 67-68. In support of her claim, she submitted a May 9, 1983 letter that requested that she

enter on duty on June 20, 1983, which was prior to her actual entrance-on-duty date on January 8, 1984.  *Id.* at 71-72, 226.

¶3 On August 18, 2016, the agency issued a decision determining that the appellant was not entitled to corrective action under FERCCA because she did not have the requisite 5 years of service on December 31, 1986, that would exclude her from automatic placement into FERS.[3]  *Id.* at 59-60.  The agency included a worksheet that indicated that the appellant had 4 years, 3 months and 19 days of service from September 1981 to December 31, 1986, and that, regardless of the letter requesting that she enter on duty on June 20, 1983, the documentation reflected that she did not enter on duty until January 8, 1984.  *Id.* at 61.

¶4 The appellant filed the instant appeal requesting corrective action under FERCCA.[4]  IAF, Tab 1.  She filed a brief in which she asserted, among other things, that she was not required to serve 5 years to avoid automatic FERS coverage because of her interpretation of 5 U.S.C. § 8402(b)(1), which waived the 5-year rule for certain individuals.  The administrative judge issued an initial decision on the basis of the documentary evidence affirming the agency's determination.  IAF, Tab 16, Initial Decision (ID).  She found that the appellant was properly and automatically placed into the FERS, that the agency did not

---

[3] FERCCA addresses the problems created when employees are in the wrong retirement plan for an extended period.  5 U.S.C. § 8331 Note; *Poole v. Department of the Army*, 117 M.S.P.R. 516, ¶ 13 (2012); 5 C.F.R. § 839.101(a).  An employee may seek relief under FERCCA if the employee experienced a "qualifying retirement coverage error," defined as an "erroneous decision by an employee or agent of the Government as to whether Government service is CSRS covered, CSRS Offset covered, FERS covered, or Social Security–Only covered that remained in effect for at least 3 years of service after December 31, 1986."  5 C.F.R. § 839.102.  We agree with the administrative judge that the Board has jurisdiction over this appeal under 5 U.S.C. § 8347(d)(1) and 5 C.F.R. § 839.1302 because the appellant asserted that her service, including 1981 to the present, was CSRS covered and she sought correction of an error in the agency's decision regarding that service.  IAF, Tab 16, Initial Decision (ID) at 1-2.

[4] The appellant originally requested a hearing but later waived that request and agreed that the matter could be decided on the basis of the documentary evidence.  IAF, Tabs 1, 6.

commit a prohibited personnel practice, that the agency was not estopped from placing the appellant into the FERS, and that there was no binding agreement to hire the appellant at an earlier date.  ID at 3-8.

¶5      The appellant has filed a petition for review, the agency has responded in opposition to her petition, and the appellant has filed a reply.[5]  Petition for Review (PFR) File, Tabs 1-2, 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6      The Federal Employees' Retirement System Act of 1986 (the "FERS Act") became effective on June 6, 1986.  Pub. L. No. 99-335, 100 Stat. 514 (codified at 5 U.S.C. chapter 84).  Pursuant to the FERS Act, an employee that had at least 5 years of civilian service performed before January 1, 1987, that is creditable under the CSRS, is covered under the CSRS, unless that individual elected to participate in the FERS.  5 U.S.C. § 8402(b)(2)(B).  However, the FERS Act excludes from automatic coverage certain high-ranking individuals in certain situations, including, among others, the President and Vice President of the United States, members of the Senior Executive Service, noncareer members of the Senior Foreign Service, presidential appointees, and judges, as specified by the Social Security Act, who performed service continuously from December 31, 1983.  5 U.S.C. § 8402(b)(1); 42 U.S.C. § 410(a)(5)(C), (D), (E), and (F).

---

[5] The appellant also has filed a motion for leave to submit additional evidence.  Petition for Review (PFR) File, Tab 7.  Pleadings allowed on review include a petition for review, a cross petition for review, a response to a petition for review, a response to a cross petition for review, and a reply to a response to a petition for review.  5 C.F.R. § 1201.114(a).  No other pleading will be accepted unless the party files a motion with and obtains leave from the Clerk of the Board.  5 C.F.R. § 1201.114(a)(5).  Such a motion must describe the nature of and need for the pleading.  *Id.*  In her motion, the appellant proposes to submit "an additional document which supports her claim for retirement classification" and further states that she has "found compelling evidence to prove her claim for being enrolled in CSRS; hence to prove entitlement to corrective action for retirement reclassification as allowed under FERCCA legislation."  PFR File, Tab 7 at 4.  We find this explanation insufficient and deny the appellant's motion.

¶7       The appellant argues that she can rely upon the May 1983 letter in support of her claim against automatic placement into the FERS. PFR File, Tab 1 at 7-8. She asserts that the letter is relevant and admissible hearsay evidence because it demonstrates that she was eligible and qualified for hire for entrance on duty on June 20, 1983, on the basis of her successful completion of the hiring requirements. *Id.* The appellant does not dispute that, in fact, she did not have 5 years of covered service before January 1, 1987. Further, as the agency points out, even if the appellant had accrued the additional covered service had the agency hired her on June 20, 1983, instead of January 8, 1984, she still would not have satisfied the requirement of 5 years of service.[6] IAF, Tab 4 at 13. Accordingly, consistent with 5 U.S.C. § 8402(b)(2)(B), the appellant was properly placed in the FERS retirement program. Further, regardless of whether the appellant had entered on duty prior to December 31, 1983, as the administrative judge stated, neither the student trainee position to which she was appointed, nor the General Schedule Electronic Systems Mechanic Apprentice position to which she was converted, were included in the aforementioned positions that were statutorily excluded from the 5-year requirement. ID at 5; IAF, Tab 4 at 218-32; 42 U.S.C. § 410(a)(5)(C), (D), (E), and (F). Accordingly, consistent with 5 U.S.C. § 8402, the agency properly and automatically placed the appellant in the FERS.

¶8       Nevertheless, the appellant reasserts that before 1986, agency officials knew or should have known about the upcoming enactment of the FERS Act on the basis of prior legislation and executive actions that foreshadowed the FERS Act and that she should not be required to prove how the agency's ignorance of the laws affected her. PFR File, Tab 1 at 5-7. However, as the administrative

---

[6] Prior to January 1, 1987, the appellant had 4 years, 2 months, and 19 days of service and the additional service from June 20, 1983, to January 8, 1984, would have added less than 7 months, totaling less than the requisite 5 years of service. IAF, Tab 4 at 13, 61, 217-32; *see* 5 U.S.C. § 8402(b)(2)(B).

judge stated, it is well settled that public officers are presumed to perform their duties in good faith.  ID at 5; *see, e.g.*, *Preyor v. U.S. Postal Service*, 83 M.S.P.R. 571, ¶ 22 (1999).  We find the appellant's assertion that agency officials delayed her entrance on duty from June 20, 1983, to January 8, 1984, to interfere with her rights under the FERS Act, which was not enacted until 1986, is insufficient to overcome this presumption.  *See Preyor*, 83 M.S.P.R. 571, ¶ 22 (finding that there was nothing in the record to suggest that agency officials promoted the appellant to deny him appeal rights, and thus the appellant failed to rebut the presumption that public officials performed their duties in good faith and in accordance with law and regulations).

¶9     Next, the appellant challenges the administrative judge's finding that she did not prove that the agency should be equitably estopped from placing her in the FERS.  PFR File, Tab 1 at 7.  She asserts that the agency and the administrative judge improperly required her to prove that the agency committed misconduct.  *Id.*  She further asserts that it would be impossible for someone to prove misconduct regarding the delay in processing her paperwork when this delay occurred over 30 years ago, but that a reasonable person could infer that the hiring date was significantly later, thus indicating circumstances, conditions, events, or situations that caused the delay.  *Id.*  As the administrative judge stated, however, even if the appellant had proven that the agency had engaged in misconduct thus entitling her to equitable estoppel,[7] this doctrine is inapplicable when, as here, the appellant is seeking variance from the terms of the FERS, which would involve a larger payment from the U.S. Treasury.  ID at 7; *see Office of Personnel Management v. Richmond*, 496 U.S. 414, 416 (1990) (stating that payments of moneys from the Federal treasury are limited to those authorized by

---

[7] As the administrative judge explained, when seeking equitable estoppel in a case against Federal Government officials, an appellant must show that (1) the officials engaged in affirmative misconduct, and (2) she reasonably relied upon the misconduct. ID at 6-7; *Perez Peraza v. Office of Personnel Management*, 114 M.S.P.R. 457, ¶ 9 (2010).

statute, and the Government cannot be estopped from denying benefits not otherwise permitted by law solely on equitable grounds); *Resnick v. Office of Personnel Management*, 120 M.S.P.R. 356, ¶ 11 (2013).

¶10     The appellant emphasizes that, regardless of the cause, it was through no fault of her own that she was placed in the FERS. *Id.* at 8. Nevertheless, pursuant to 5 U.S.C. § 8402(b)(2)(B), she did not have the requisite 5 years of service to exclude her from coverage under the FERS. Therefore, we find that she is not entitled to corrective action under FERCCA.[8]

¶11     Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[9]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[8] The appellant has attached legislative and executive documents to her petition for review and reply. PFR File, Tab 1 at 10-27, Tab 5 at 8-11. To the extent that these documents were not submitted below before the administrative judge, we have not considered this evidence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (finding that, under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence). The appellant has failed to demonstrate why she could not have submitted this evidence prior to the close of the record below.

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[10]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                           /s/ for
                              _____
                              Jennifer Everling
                              Acting Clerk of the Board
Washington, D.C.

MARY ANN L. GLOBOKAR v. NATIONAL AERONAUTICS AND SPACE ADMIN
Docket # CH-0839-16-0596-I-1
Motion for Leave to File Supplemental Evidence to be considered in PFR
Summary Page

**Case Title :** MARY ANN L. GLOBOKAR v. NATIONAL AERONAUTICS AND SPACE
ADMIN

**Docket Number :** CH-0839-16-0596-I-1

**Pleading Title :** Motion for Leave to File Supplemental Evidence to be considered in PFR

**Filer's Name :** Mary Ann L. Globokar

**Filer's Pleading Role :** Appellant

### Details about the supporting documentation

| # | Title/ Description | Mode of Delivery |
|---|---|---|
| 1 | EXHIBIT 3_Appellant's Hiring Memo 12-30-83 | Uploaded |
| 2 | Ref 1_PL 98-168_Effective Date for New Hires | Uploaded |
| 3 | Ref 4_GAO Retirement Implementation_Aug 1988 | Uploaded |
| 4 | Ref 5_GAO Decision B-158844 Acceptance Requirement | Uploaded |

BEFORE THE UNITED STATES
MERIT SYSTEMS PROTECTION BOARD
CENTRAL REGIONAL OFFICE

| | | |
|---|---|---|
| MARY ANN L. GLOBOKAR, | ) | Docket No.: CH-0839-16-0596-I-1 |
| | ) | |
| Appellant, pro se | ) | |
| | ) | Administrative Judge |
| v. | ) | Georgia Vlahos |
| | ) | |
| NATIONAL AERONAUTICS AND | ) | |
| SPACE ADMINISTRATION, | ) | |
| | ) | |
| Agency. | ) | DATE:  July 23, 2017 |
| | ) | |

## APPELLANT'S  MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE

Appellant hereby files this motion for leave on July 23, 2017 to file supplemental evidence to be considered by the MSPB Board regarding Appellant's PETITION FOR REVIEW to determine if Appellant is entitled to corrective action under FERCCA for being placed in the CSRS retirement system.

## RATIONALE FOR ALLOWING SUPPLEMENTAL EVIDENCE

Appellant, in good faith, relied on legal counsel to file a pleading on her behalf appealing Agency decision of not being allowed retirement correction under FERCCA legislation.  Appellant retained legal representation from Tully Rinckey, PLLC (TR-PLLC), and depended upon the guidance and expertise of the representative assigned by the law firm, to her detriment.

Appellant initiated her pleading on September 16, 2016 with legal representation retained from TR-PLLC.  Appellant was given assurances, in a letter from TR-PLLC,

stating their dedication to providing superior service "throughout the process until the legal matter has been resolved". On December 7, 2016, two days prior to Appellant's brief submission deadline, the TR-PLLC attorney contacted Appellant via phone and advised Appellant to "not" file the brief. Appellant stated her wishes to continue with filing the brief, and the next day, December 8, 2016, the attorney removed himself as "representative", leaving the Appellant with less than 48 hours to submit her brief on December 9, 2017. Appellant sought and was granted a one-week extension to prepare her brief, and filed brief by new approved deadline of December 16, 2016.

The TR-LLC legal attorney was derelict and negligent in the performance of his duties to advise and represent the Appellant, and did not follow through with due diligence into the research of Federal retirement legislation pertaining to Appellant's case. He had filed a one-week extension, solely based on his personal reasons, and then three (3) business days into that one-week extension, he verbally advised Appellant not to file. Attorney refused to proceed with filing Appellant's brief, in good faith as promised by TR-LLC, and stated he withdrew from the case at Appellant's direction. He repeatedly and persistently suggested that Appellant not dial in for the Preliminary Status Order held October 13, 2016. Appellant dialed in, despite the attorney's insistence not to, and during the phone conference, the TR-LLC attorney conferred that a hearing was not necessary for Appellant's case. Appellant, afterwards, questioned and challenged this "decision" to waive her right to a hearing, and the attorney emphatically coerced Appellant that a hearing was not necessary and that it would not look good for the record

2

if Appellant chose to alter the Preliminary Order Status. He also had another associate call to convince Appellant of the same.

Appellant conducted her own research into the retirement and social security laws and the specifics to the Agency hiring process and procedures during the latter half of 1983, which led up to her eventually being hired. Appellant recently found additional information which supports her claim for retirement reclassification allowed under FERCCA legislation, and wishes for it to be considered as part of the record.

To summarize, here are the reasons for granting leave for Appellant to file supplemental evidence:

1. Attorney did not rightfully and ethically advise and represent Appellant in good faith.

2. Attorney did not follow through with due diligence in researching and applying the appropriate legislations in support of Appellant's pleading.

3. Attorney was derelict in his role, removing himself as "representative" due to his lack of preparation, negligence and his own reluctance to file Appellant's brief.

4. Appellant relied upon legal representation from TR-LLC, to her detriment, and was left with short notice, to proceed pro se, to conduct her own research into the myriad of legislations affecting Appellant's pleading for rightful enrollment in the CSRS retirement system.

These are Appellant's reasons, justifications and plea to the honorable court, for granting leave to file supplemental evidence.

3

<u>APPELLANT'S EMPLOYMENT OFFER AND ACCEPTANCE OCCURRED **PRIOR**</u>
<u>TO THE JANUARY 1, 1984 EFFECTIVE DATE OF FERS LEGISLATION</u>

Appellant presents an official memo addressed to her from the Personnel Director,

Paul E. Cline, dated December 30, 1983, which confirms the oral contract of the Agency

employment offer and Appellant's acceptance of being hired by the NASA Lewis

Research Center [see EXHIBIT 3]. Appellant requests that this memo be allowed for

submission as significant and compelling proof that Appellant was hired prior to

December 30, 1983.

Appellant was technically hired *prior* to January 1, 1984, the effective date of the

newly impending legislation under Public Law 98-168[1] as stated in Sec. 202 (6):

> (6) that such employees and officers **who are first employed** in civilian
> service by the Government or first take office in civilian service in the
> Government **on or after January 1, 1984**, become subject to such **new
> Government retirement system as may be established for employees** and
> officers of the Government on or after January 1, 1984, and before January 1,
> 1986, with credit for service performed after December 31, 1983, by such
> employees and officers transferred to such new Government retirement
> system.

**Black's Legal Dictionary** states that "employ" is the term equivalent to "hiring",

which implies a request and a contract for compensation[2]. Appellant entered into a

contract for employment by the Agency, sometime prior to December 30, 1983, and

hence was hired prior to the last day before the new legislation went into effect.

---

[1] PL 98-168--Nov.29, 1983, (97 STAT. 1107), Title II, Sec. 202 (6)
[2] See *What is* EMPLOY?", Black's Law Dictionary (Online 2nd Edition).

4

Black's Legal Dictionary defines "CONTRACT" as an agreement, upon sufficient consideration, to do or not do a particular thing[3]. The consideration was to hire the Appellant (the Agency offer), to which Appellant accepted and therefore makes the contract legally binding. Appellant entered into a contract with the Agency, as recorded in EXHIBIT 3, and was "hired" prior to the legislation transition date of January 1, 1984. GAO's publication "Federal Retirement – Implementation of the Federal Employees Retirement System"[4] specifically states the legislative cutoff date on Page 2, Executive Summary:

> "The Social Security Amendments of 1983 provided that all federal civilian employees **first hired after December 31, 1983**, would be covered by Social Security".

Furthermore, GAO Decision B-158844, sets precedence for Federal appointments in which employment relationships can be established with verbal affirmation of offer and if there is evidence of such acceptance[5]. EXHIBIT 3 is the written record of the verbal contract which is evidence and proof of Appellant's affirmation and acceptance of employment offer from the Agency.

It is apparent that the hiring process was prompted by the initial memo from the Training office, dated May 9, 1983, which stated the directive and intent to hire Appellant by June 20, 1983 [refer to EXHIBIT 1]. EXHIBIT 3 proves that the Agency had intentions to hire Appellant at least since May 9, 1983, as initially promised and Agency finally followed through with that promise sometime prior to December 30,

---

[3] See *"CONTRACT"*, Black's Law Dictionary (Online 2nd Edition).
[4] GAO "Federal Retirement – Implementation of the Federal Employees Retirement System" August 1988
[5] GAO Decision B-158844 "Appointments Acceptance Requirement" APR. 28, 1966, 45 COMP. GEN. 660

5

1983.   EXHIBIT 3 is the written record of the verbal contract between Appellant and Agency, drafted by the Agency related to Appellant's claim.  Any inconsistencies or ambiguities must be construed against the maker of this memo - the Agency.

EXHIBIT 3 validates that Appellant was hired *prior* to January 1, 1984, prior to the effective date of the new retirement legislation under PL 98-168.  This submission further justifies Appellant's plea for corrective action for retirement reclassification as allowed under FERCCA legislation, which was specifically created to correct classification errors, due to various ambiguous and subtle misinterpretations, as in this case.  Appellant respectfully requests for the MSPB to recognize and affirm that Appellant was hired prior to December 31, 1983, the cutoff date for CSRS.  Appellant respectfully requests that the MSPB order the Agency to make the necessary corrections and adjustments for Appellant to be enrolled into the CSRS retirement system, and to award all demands in Appellant's initial brief, and incorporated herein by reference.

Respectfully Submitted,

Mary Ann L. Globokar
Appellant, pro se
20265 Bradgate Lane
Strongsville, OH 44149
Phone: (440) 785-7689
maryglobokar@att.net

6

National Aeronautics and
Space Administration

**EXHIBIT 3**

**NASA**

**Lewis Research Center**
Cleveland, Ohio
44135

oly to Attn of:    1140/C5T

December 30, 1983

Ms. Mary Ann J. Lupica
6861 Talbot Drive
Parma, OH 44129

Dear Ms. Lupica:

This confirms your recent telephone conversation with our Mr. McCreary
leading to your acceptance of a Electronics Systems Mechanic Student
Trainee position in the NASA Lewis Research Center Trades Apprentice
Cooperative Education Program. This position is classified at the Wage
Grade 1 level with a beginning hourly rate of $7.33.

We have scheduled your employment to begin on January 9, 1984 at 8 a.m.
You should report to the receptionist in the Lobby of the Development
Engineering Building for new employee processing and orientation. Please
bring your social security card with you as it will be needed for payroll
verification purposes.

We look forward to having you join our staff and are confident that your
association with Lewis will prove both challenging and rewarding. In the
meantime, should you have any questions, please call Mr. McCreary at
433-4000, extension 5300.

Sincerely,

Paul E. Cline
Personnel Director

Enclosures

cc:
7200/R. G. Hoffman
1140/Official File

1140/ARWycoff:csa:12-30-83



25th Anniversary
1958-1983

97 STAT. 1106        PUBLIC LAW 98–168—NOV. 29, 1983

(1) the term "aggregate pay", as used with respect to an individual, means the aggregate amount paid to such individual under sections 4507, 5382, 5384, and 5948 of title 5, United States Code;

(2) the term "appropriate agency head", as used with respect to an individual, means the head of the agency employing such individual when such individual was paid an allowance with respect to which liability is relieved under this subsection; and

(3) the term "agency" has the meaning given such term by section 5948(g)(2) of such title.

5 USC 5948.

## TITLE II—FEDERAL EMPLOYEES RETIREMENT ADJUSTMENT

Federal
Employees'
Retirement
Contribution
Temporary
Adjustment Act
of 1983.
5 USC 8331 note.

### SHORT TITLE

SEC. 201. This title may be cited as the "Federal Employees' Retirement Contribution Temporary Adjustment Act of 1983".

### STATEMENT OF POLICY

5 USC 8331 note.

SEC. 202. It is the policy of the Government—

42 USC 401.

(1) that the amount required to be contributed to certain public retirement systems by employees and officers of the Government who are also required to pay employment taxes relating to benefits under title II of the Social Security Act for service performed after December 31, 1983, be modified until the date on which such employees and officers are covered by a new Government retirement system (the design, structure, and provisions of which have not been determined on the date of enactment of this Act) or January 1, 1986, whichever is earlier;

(2) that the Treasury be required to pay into such retirement systems the remainder of the amount such employees and officers would have contributed during such period but for the temporary modification;

(3) that the employing agencies make contributions to the retirement systems with respect to such service in amounts required by law in effect before January 1, 1984, without reduction in such amounts;

(4) that such employees and officers accrue credit for service for the purposes of the public retirement systems in effect on the date of enactment of this Act until a new Government retirement system covering such employees and officers is established;

(5) that, where appropriate, deposits to the credit of such a retirement system be required with respect to service performed by an employee or officer of the Government during the period described in clause (1), and, where appropriate, annuities be offset by the amount of certain social security benefits attributable to such service; and

(6) that such employees and officers who are first employed in civilian service by the Government or first take office in civilian service in the Government on or after January 1, 1984, become subject to such new Government retirement system as may be established for employees and officers of the Government on or after January 1, 1984, and before January 1, 1986, with credit for service performed after December 31, 1983, by such em-



**U.S. MSPB** Merit Systems Protection Board
**e-Appeal Online**

My Account | File a Pleading | Reload Case | Print | Access Another Case | Tech Support | Save & Exit

**ATTENTION: Please do NOT resubmit if you received a confirmation of submission. Processing time can be minutes or hours depending on system workload.**

## Case View

**MARY ANN L. GLOBOKAR v. NATIONAL AERONAUTICS AND SPACE ADMIN**
**CH-0839-16-0596-I-1**
Case Status: Headquarter Closed

28 documents returned

| Tab | Download/View | Doc Info. | Submitted by | Date Issued/ Received |
|-----|---------------|-----------|--------------|------------------------|
| | | **Petition for Review** | | |
| 11 | Download/View | Certificate of Service | MSPB | 4/7/2023 |
| 10 | Download/View | Final Order | MSPB | 4/7/2023 |
| 9 | Download/View | Letter Rejecting Pleading | MSPB | 6/11/2018 |
| 8 | Download/View | Letter Acknowledging Motion | MSPB | 7/25/2017 |
| 7 | Download/View | Apellant's Motion for Leave to File Supplemental Evidence | Appellant | 7/24/2017 |
| 6 | Download/View | Letter Rejecting Motion & Additional Pleadings | MSPB | 7/24/2017 |
| 5 | Download/View | Reply to Agency Response Re: Petition for Review dated 3/3/2017 | Appellant | 3/11/2017 |
| 4 | Download/View | Petition For Review Acknowledgment Letter | MSPB | 3/3/2017 |
| 3 | Download/View | Agency Representative Addition | Agency | 3/3/2017 |
| 2 | Download/View | Agency Response to Petition for Review | Agency | 3/3/2017 |
| 1 | Download/View | Petition for Review | Appellant | 2/25/2017 |
| | | **Initial Appeal** | | |
| 17 | Download/View | Certificate of Service | MSPB | 1/23/2017 |
| 16 | Download/View | Initial Decision | MSPB | 1/23/2017 |
| 15 | Download/View | Motion to Strike Appellant's Rebuttal | Agency | 12/27/2016 |
| 14 | Download/View | Rebuttal to Agency Reply | Appellant | 12/23/2016 |
| 13 | Download/View | Reply to Appellant's Argument and Evidence in Support of Appeal | Agency | 12/22/2016 |
| 12 | Download/View | Argument and Evidence in Support of Appeal | Appellant | 12/16/2016 |
| 11 | Download/View | Time Extension Request Order | MSPB | 12/8/2016 |
| 10 | Download/View | Consent of Motion for Extension of Time to File Brief, pro se, in Support of App | Appellant | 12/8/2016 |
| 9 | Download/View | Notice of Withdrawal | Appellant | 12/8/2016 |
| 8 | Download/View | Close of Record Order | MSPB | 11/29/2016 |
| 7 | Download/View | Consent Motion for Extension of Time to File Brief in Support of Appeal | Appellant | 11/29/2016 |
| 6 | Download/View | Summary of Preliminary Status Conference and Close of Record Order | MSPB | 10/20/2016 |
| 5 | Download/View | Preliminary Status Order | MSPB | 10/13/2016 |
| 4 | Download/View | Response | Agency | 10/11/2016 |
| 3 | Download/View | Representative Addition | Agency | 10/3/2016 |
| 2 | Download/View | Acknowledgment Order | MSPB | 9/21/2016 |
| 1 | Download/View | Initial Appeal | Appellant | 9/16/2016 |